FILE COPY

1  PETER A. STROTZ, BAR NO. 129904
2    PSTROTZ@KSLAW.COM
   WILLIAM E. STEIMLE, BAR NO. 203426
3    WSTEIMLE@KSLAW.COM
   STEVEN D. PARK, Bar No. 215219
4    SPARK@KSLAW.COM
5  MEGAN R. NISHIKAWA, BAR NO. 271670
     MNISHIKAWA@KSLAW.COM
6  **KING & SPALDING LLP**
7  101 Second Street
   Suite 2300
8  San Francisco, CA  94105
9  Telephone: +1 415 318 1200
   Facsimile: +1 415 318 1300
10

11 Attorneys for Defendants
   ASTRAZENECA PHARMACEUTICALS LP and
12 ASTRAZENECA LP

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

                ED CV 12 - 00493  VAP  (DTBx)

16 THOMAS E. WALKER and              Case No.
17 LAODECIA WALKER, husband and
   wife; JOE ADAMS and CYNTHIA
18 ADAMS, husband and wife; WILBUR   **NOTICE OF REMOVAL AND**
   ATKINS and DOROTHY ATKINS,        **REMOVAL OF ACTION UNDER 28**
19 husband and wife; RONNIE          **U.S.C. § 1441(b) (DIVERSITY) AND**
   BOURGEOIS and VICTORIA            **28 U.S.C. § 1441(c) (FEDERAL**
20 BOURGEOIS, husband and wife;      **QUESTION) OF DEFENDANTS**
   JAMES BROOKS and TANYA            **ASTRAZENECA**
21 BROOKS, husband and wife; PAMELA  **PHARMACEUTICALS LP AND**
   CASTRO, a individual, ALBERT      **ASTRAZENCA LP**
22 CLARK and HILDA CLARK, husband
   and wife; LISA CODY and GEORGE
23 CODY, wife and husband; EDDIE
   CRAWFORD JR. and LYNN
24 CRAWFORD, husband and wife;
   LEROY DOMANGUE and VICKI
25 DOMANGUE, husband and wife,
   JANICE DUCEY and JAMES CURTIS
26 DUCEY, wife and husband; DEREK
   DUKES, a single individual; JAMES
27 DYE and PATRICIA DYE, husband and
   wife; DUDLEY ELMORE, a individual;
28 JAMES EVANS, a individual;
   TEMPLETON EVANS and SARA

NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. §

| | |
|---|---|
| 1 | EVANS, husband and wife; HAROLD D. FLEMING and BARBARA FLEMING, husband and wife; CATHY FOSHEE, a individual; GINA FOSTER, individual; SANDRA FOWLER, a individual; PAUL GEORGE and BARBARA GEORGE, husband and wife; BRENDA GREENE, a individual; TIMOTHY GREGG and BETTY GREGG, husband and wife; BRENDA HERREN and JAMES HERREN, wife and husband; KENNETH IRVINE, a individual; WANDA KENNEDY and CHARLES KENNEDY SR., wife and husband; MICHAEL LACHNEY, SR. and MARGARET LACHNEY, husband and wife; RONNIE LAMBERT, a individual; FELIX LOICANO, a individual; MARIE LONG, a individual; BILLY MCNEESE, a individual; RHONDA METCALF-BAGWELL and JOSEPH BAGWELL, wife and husband; LEROY MOORE, a individual; LAWRENCE PACK JR., a individual; ANTHONY PETERSON, a individual; BRENDA REAGAN, a individual; MICHAEL RODOSTA and BEVERLY RODOSTA, husband and wife; CECIL SHARP, a individual, PATTI SHOEMAKER, a individual, KENNETH SMITH and MARY JO SMITH, husband and wife, DONNA SMITH and DONALD SMITH, husband and wife, REGINA SOMERVILLE, a individual; JIMMY STEVENS and NORMA STEVENS, wife and husband; AMOS WASHINGTON, a individual; DEBORAH WEBB, individual; TROY WILLIAMS, a individual,<br><br>          Plaintiffs,<br><br>  v.<br><br>ASTRAZENECA PHARMACEUTICALS LP; ASTRAZENECA LP; MCKESSON CORPORATION, and DOES 1-50,<br><br>          Defendants. | |

2

NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) AND 28 U.S.C. § 1441(C)

1  Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP
2  (collectively, "AstraZeneca") hereby file this Notice of Removal of this action
3  from the Superior Court of California, County of Riverside, to the United States
4  District Court for the Central District of California, Eastern Division. This Notice
5  of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 on the
6  basis of the following facts, which show that this case may be properly removed to
7  this Court:

8      1.    AstraZeneca and McKesson Corporation ("McKesson") have been
9  sued in a civil action entitled *Thomas E. Walker and Laodecia Walker, husband*
10 *and wife, et. al. v. AstraZeneca Pharmaceuticals LP; AstraZeneca LP; McKesson*
11 *Corporation; and Does 1 through 50,* Case No. RIC1203191, in the Superior Court
12 of California, County of Riverside (the "State Court Action").

13     2.    Plaintiffs' Complaint was filed on March 2, 2012. AstraZeneca's
14 registered agent was served with a copy of the Complaint on March 6, 2012.

15     3.    As more fully set forth below, this case is properly removed to this
16 Court pursuant to 28 U.S.C. §§ 1441 and 1446 because AstraZeneca has satisfied
17 the procedural requirements for removal and this Court has subject matter
18 jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

## I. ASTRAZENECA HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

21     4.    Plaintiffs served AstraZeneca with the Complaint on March 6, 2012.
22 *See* **Exhibit 1**. Accordingly, this Notice of Removal is timely under 28 U.S.C. §
23 1446(b), as it is filed within thirty days after AstraZeneca was served with a copy
24 of the initial pleading setting forth the claim for relief upon which this action is
25 based.

26     5.    As of the date of this removal, no proceedings have occurred in the
27 Superior Court of California, County of Riverside, since AstraZeneca was served
28 with the Complaint. AstraZeneca has not filed a responsive pleading to the

Complaint. AstraZeneca hereby reserves all rights to assert any and all defenses to the Complaint. AstraZeneca further reserves the right to amend or supplement this Notice of Removal.

6. Venue lies in the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the Central District of California. The Superior Court of California, County of Riverside, is located within the Eastern Division of the Central District of California. Venue, therefore, is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

7. All properly joined and served defendants consent to this removal. The only defendants other than AstraZeneca are McKesson and fictitiously named "Doe" defendants. McKesson's consent to remove is not necessary because it is fraudulently joined in this action (*see* Section II.C.). *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 at n.1 (emphasis added) ("[A]ll defendants in a state action must join in the petition for removal, except for nominal, unknown or *fraudulently joined parties*."). Doe defendants are disregarded in determining diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1).

8. Pursuant to 28 U.S.C. § 1446(a), true and exact copies of "all process, pleadings, and orders served on" AstraZeneca are attached as **Exhibit 1**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being filed with the clerk of the Superior Court of California, County of Riverside.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of

interest and costs.

**A.  Diversity of Citizenship**

10.  The Complaint names forty-six separate plaintiffs. *See* Complaint attached as **Exhibit 1**.

  a.  Plaintiffs Thomas E. Walker and Laodecia Walker allege that they are "citizens and residents" of the State of California. Accordingly, at the time this action was commenced, they were citizens of the State of California. *Id.* at ¶ 1.

  b.  Plaintiffs Joe Adams and Cynthia Adams allege that they are "citizens and residents" of the State of Tennessee. Accordingly, at the time this action was commenced, they were citizens of the State of Tennessee. *Id.* at ¶ 2.

  c.  Plaintiffs Wilbur Atkins and Dorothy Atkins allege that they are "citizens and residents" of the State of Louisiana. Accordingly, at the time this action was commenced, they were citizens of the State of Louisiana. *Id.* at ¶ 3.

  d.  Plaintiffs Ronnie Bourgeois and Victoria Bourgeois allege that they are "citizens and residents" of the State of Louisiana. Accordingly, at the time this action was commenced, they were citizens of the State of Louisiana. *Id.* at ¶ 4.

  e.  Plaintiffs James Brooks and Tanya Brooks allege that they are "citizens and residents" of the State of Tennessee. Accordingly, at the time this action was commenced, they were citizens of the State of Tennessee. *Id.* at ¶ 5.

  f.  Plaintiff Pamela Castro alleges that she is a "citizen and resident" of the State of Louisiana. Accordingly, at the time this action was commenced, she was a citizen of the State of Louisiana. *Id.* at ¶ 6.

  g.  Plaintiffs Albert Clark and Hilda Clark allege that they are "citizens and residents" of the State of Louisiana. Accordingly, at the time this action was commenced, they were citizens of the State of Louisiana. *Id.* at ¶ 7.

///

1         h.     Plaintiffs Lisa Cody and George Cody allege that they are "citizens and residents" of the State of Tennessee. Accordingly, at the time this action was commenced, they were citizens of the State of Tennessee. *Id.* at ¶ 8.

        i.     Plaintiffs Eddie Crawford Jr. and Lynn Crawford allege that they are "citizens and residents" of the State of Louisiana. Accordingly, at the time this action was commenced, they were citizens of the State of Louisiana. *Id.* at ¶ 9.

        j.     Plaintiffs LeRoy Domangue and Vicki Domangue allege that they are "citizens and residents" of the State of Louisiana. Accordingly, at the time this action was commenced, they were citizens of the State of Louisiana. *Id.* at ¶ 10.

        k.     Plaintiffs Janice Ducey and James Curtis Ducey allege that they are "citizens and residents" of the State of Louisiana. Accordingly, at the time this action was commenced, they were citizens of the State of Louisiana. *Id.* at ¶ 11.

        l.     Plaintiff Derek Dukes alleges that he is a "citizen and resident" of the State of Louisiana. Accordingly, at the time this action was commenced, he was a citizen of the State of Louisiana. *Id.* at ¶ 12.

        m.     Plaintiffs James Dye and Patricia Dye allege that they are "citizens and residents" of the State of Tennessee. Accordingly, at the time this action was commenced, they were citizens of the State of Tennessee. *Id.* at ¶ 13.

        n.     Plaintiff Dudley Elmore alleges that he is a "citizen and resident" of the State of Tennessee. Accordingly, at the time this action was commenced, he was a citizen of the State of Tennessee. *Id.* at ¶ 14.

        o.     Plaintiff James Evans alleges that he is a "citizen and resident" of the State of Louisiana. Accordingly, at the time this action was commenced, he was a citizen of the State of Louisiana. *Id.* at ¶ 15.

        p.     Plaintiffs Templeton Evans and Sarah Evans allege that they are "citizens and residents" of the State of Louisiana. Accordingly, at the time this

action was commenced, they were citizens of the State of Louisiana. *Id.* at ¶ 16.

    q.    Plaintiffs Harold D. Fleming and Barbara Fleming allege that they are "citizens and residents" of the State of Kentucky. Accordingly, at the time this action was commenced, they were citizens of the State of Kentucky. *Id.* at ¶ 17.

    r.    Plaintiff Cathy Foshee alleges that she is a "citizen and resident" of the State of Louisiana. Accordingly, at the time this action was commenced, she was a citizen of the State of Louisiana. *Id.* at ¶ 18.

    s.    Plaintiff Gina Foster alleges that she is a "citizen and resident" of the State of Louisiana. Accordingly, at the time this action was commenced, she was a citizen of the State of Louisiana. *Id.* at ¶ 19.

    t.    Plaintiff Sandra Fowler alleges that she is a "citizen and resident" of the State of Tennessee. Accordingly, at the time this action was commenced, she was a citizen of the State of Tennessee. *Id.* at ¶ 20.

    u.    Plaintiffs Paul George and Barbara George allege that they are "citizens and residents" of the State of Louisiana. Accordingly, at the time this action was commenced, they were citizens of the State of Louisiana. *Id.* at ¶ 21.

    v.    Plaintiff Brenda Greene alleges that she is a "citizen and resident" of the State of Kentucky. Accordingly, at the time this action was commenced, she was a citizen of the State of Kentucky. *Id.* at ¶ 22.

    w.    Plaintiffs Timothy Gregg and Barbara Gregg allege that they are "citizens and residents" of the State of Tennessee. Accordingly, at the time this action was commenced, they were citizens of the State of Tennessee. *Id.* at ¶ 23.

    x.    Plaintiffs Brenda Herren and James Herren allege that they are "citizens and residents" of the State of Tennessee. Accordingly, at the time this action was commenced, they were citizens of the State of Tennessee. *Id.* at ¶ 24.

    y.    Plaintiff Kenneth Irvine alleges that he is a "citizen and resident" of the State of Tennessee. Accordingly, at the time this action was

commenced, he was a citizen of the State of Tennessee. *Id*. at ¶ 25.

z. Plaintiffs Wanda Kennedy and Charles Kennedy Sr. allege that they are "citizens and residents" of the State of Tennessee. Accordingly, at the time this action was commenced, they were citizens of the State of Tennessee. *Id*. at ¶ 26.

aa. Plaintiffs Michael Lachney, Sr. and Margaret Lachney allege that they are "citizens and residents" of the State of Louisiana. Accordingly, at the time this action was commenced, they were citizens of the State of Louisiana. *Id*. at ¶ 27.

bb. Plaintiff Ronnie Lambert alleges that he is a "citizen and resident" of the State of Tennessee. Accordingly, at the time this action was commenced, he was a citizen of the State of Tennessee. *Id*. at ¶ 28.

cc. Plaintiff Felix Loicano alleges that he is a "citizen and resident" of the State of Louisiana. Accordingly, at the time this action was commenced, he was a citizen of the State of Louisiana. *Id*. at ¶ 29.

dd. Plaintiff Marie Long alleges that she is a "citizen and resident" of the State of Tennessee. Accordingly, at the time this action was commenced, she was a citizen of the State of Tennessee. *Id*. at ¶ 30.

ee. Plaintiff Billy McNeese alleges that he is a "citizen and resident" of the State of Tennessee. Accordingly, at the time this action was commenced, he was a citizen of the State of Tennessee. *Id*. at ¶ 31.

ff. Plaintiffs Rhonda Metcalf-Bagwell and Joseph Bagwell allege that they are "citizens and residents" of the State of Tennessee. Accordingly, at the time this action was commenced, they were citizens of the State of Tennessee. *Id*. at ¶ 32.

gg. Plaintiff Le Roy Moore alleges that he is a "citizen and resident" of the State of Tennessee. Accordingly, at the time this action was commenced, he was a citizen of the State of Tennessee. *Id*. at ¶ 33.

  hh. Plaintiff Lawrence Pack Jr. alleges that he is a "citizen and resident" of the State of Tennessee. Accordingly, at the time this action was commenced, he was a citizen of the State of Tennessee. *Id.* at ¶ 34.

  ii. Plaintiff Anthony Peterson alleges that he is a "citizen and resident" of the State of Louisiana. Accordingly, at the time this action was commenced, he was a citizen of the State of Louisiana. *Id.* at ¶ 35.

  jj. Plaintiff Brenda Reagan alleges that she is a "citizen and resident" of the State of Tennessee. Accordingly, at the time this action was commenced, she was a citizen of the State of Tennessee. *Id.* at ¶ 36.

  kk. Plaintiffs Michael Rodosta and Beverly Rodosta allege that they are "citizens and residents" of the State of Louisiana. Accordingly, at the time this action was commenced, they were citizens of the State of Louisiana. *Id.* at ¶ 37.

  ll. Plaintiff Cecil Sharp alleges that he is a "citizen and resident" of the State of Louisiana. Accordingly, at the time this action was commenced, he was a citizen of the State of Louisiana. *Id.* at ¶ 38.

  mm. Plaintiff Patti Shoemaker alleges that she is a "citizen and resident" of the State of Tennessee. Accordingly, at the time this action was commenced, she was a citizen of the State of Tennessee. *Id.* at ¶ 39.

  nn. Plaintiffs Kenneth Smith and Mary Jo Smith allege that they are "citizens and residents" of the State of Tennessee. Accordingly, at the time this action was commenced, they were citizens of the State of Tennessee. *Id.* at ¶ 40.

  oo. Plaintiffs Donald Smith and Donna Smith allege that they are "citizens and residents" of the State of Tennessee. Accordingly, at the time this action was commenced, they were citizens of the State of Tennessee. *Id.* at ¶ 41.

  pp. Plaintiff Regina Somerville alleges that she is a "citizen and resident" of the State of Tennessee. Accordingly, at the time this action was commenced, she was a citizen of the State of Tennessee. *Id.* at ¶ 42.

qq. Plaintiffs Jimmy Stevens and Norma Stevens allege that they are "citizens and residents" of the State of Tennessee. Accordingly, at the time this action was commenced, they were citizens of the State of Tennessee. *Id.* at ¶ 43.

rr. Plaintiff Amos Washington alleges that he is a "citizen and resident" of the State of Louisiana. Accordingly, at the time this action was commenced, he was a citizen of the State of Louisiana. *Id.* at ¶ 44.

ss. Plaintiff Deborah Webb alleges that she is a "citizen and resident" of the State of Tennessee. Accordingly, at the time this action was commenced, she was a citizen of the State of Tennessee. *Id.* at ¶ 45.

tt. Plaintiff Troy Williams alleges that he is a "citizen and resident" of the State of Tennessee. Accordingly, at the time this action was commenced, he was a citizen of the State of Tennessee. *Id.* at ¶ 46.

11. Defendant AstraZeneca Pharmaceuticals LP is, and at the time of filing of this action was, a Delaware limited partnership. AstraZeneca Pharmaceuticals LP's general partner is AstraZeneca AB, a Swedish corporation with its principal place of business in Sweden. AstraZeneca Pharmaceuticals LP's limited partners are: Zeneca Inc., a Delaware corporation with its principal place of business in Delaware; Astra USA Inc., a Delaware corporation with its principal place of business in Delaware; and Astra U.S. Holdings Corporation, a Delaware corporation with it principal place of business in Delaware. Thus, for jurisdictional purposes, AstraZeneca Pharmaceuticals LP is a citizen of Delaware and Sweden.

12. Defendant AstraZeneca LP is, and at the time of filing of this action was, a Delaware limited partnership. AstraZeneca LP's general partner is AstraZeneca Pharmaceuticals LP. AstraZeneca LP's sole limited partner, KBI Sub, Inc., is a Delaware corporation with its principal place of business in New Jersey. Thus, for jurisdictional purposes, AstraZeneca LP is a citizen of Delaware, New Jersey and Sweden.

///

13. As explained in detail in Section II.C., the remaining named defendant — McKesson, a Delaware corporation, with its principal place of business in San Francisco, California — is fraudulently joined in this lawsuit and its citizenship must be ignored for the purpose of determining the propriety of removal.[1] *See McCabe v. General Foods,* 811 F. 2d 1336, 1339 (9th Cir. 1987). Accordingly, there is complete diversity of citizenship and the forum defendant rule is not implicated in this case.

### B. McKesson's Citizenship Must Be Ignored Because McKesson is Fraudulently Joined

14. A defendant is fraudulently joined, and its presence in the lawsuit ignored for purposes of determining diversity, "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.,* 236 F. 3d 1061, 1067 (9th Cir. 2001).

15. Plaintiffs allege, based upon "information and belief," that McKesson, and McKesson alone, distributed the Crestor® ingested by all forty-six Plaintiffs in this case. Complaint at ¶ 58. Plaintiffs' allegations are particularly implausible considering the number of pharmaceutical distributors of Crestor® during the period at issue. From approximately 2009 to the present, <u>thirty-six (36)</u> entities distributed Crestor®. Declaration of John B. Callahan, Jr. ("Callahan Decl.") attached as **Exhibit 2**, at ¶ 2.[2] Plaintiffs provide no factual support for their

---

[1] AstraZeneca notes that the citizenship of the California plaintiffs is not diverse from that of McKesson. However, as set forth in Section II.C., the citizenship of McKesson must be ignored because McKesson has been fraudulently joined as a defendant. Properly ignoring McKesson's citizenship renders the California plaintiffs diverse.

[2] The Declaration of John B. Callahan, Jr. may be considered by the Court in determining whether McKesson is fraudulently joined. *Salkin v. United Services*

11
NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) AND 28 U.S.C. § 1441(C)

implausible allegation that McKesson, one of these thirty-six (36) distributors of Crestor®, distributed the Crestor® ingested by each and every one of the forty-six Plaintiffs to this action. Moreover, in addition to these forty-six Plaintiffs, the same Plaintiffs' counsel has filed ten other actions on behalf of fifty-seven (57) plaintiffs spanning five California counties, all which level the identical allegation, again based on unspecific information and belief, that McKesson distributed the Crestor® ingested by each of the fifty-seven (57) plaintiffs.[3] In light of these

---

*Auto. Ass'n*, 767 F.Supp.2d 1062, 1065 (C.D. Cal. 2011) ("A court reviewing a claim of fraudulent joinder may look beyond the pleadings, consider the entire record, and determine the basis of joinder by any means available.")

[3] Plaintiffs make identical allegations based upon "information and belief," that McKesson distributed the Crestor® ingested by each and every Plaintiff. *See Allen v. AstraZeneca Pharmaceuticals LP, et. al.,* stayed on September 30, 2011 based on forum non-conveniens by the Superior Court of the State of California, County of San Francisco, Case Number CGC-11-512579; *Anders v. AstraZeneca Pharmaceuticals LP, et. al.,* stayed on September 30, 2011 based on forum non-conveniens by the Superior Court of the State of California, County of San Francisco, Case Number CGC-11-512575; *Fellows v. AstraZeneca Pharmaceuticals LP, et. al.,* stayed on September 30, 2011 based on forum non-conveniens by the Superior Court of the State of California, County of San Francisco, Case Number CGC-11-512573; *Parker v. AstraZeneca Pharmaceuticals LP, et. al.,* stayed on September 30, 2011 based on forum non-conveniens by the Superior Court of the State of California, County of San Francisco, Case Number CGC-11-512571; *Banerjee v. AstraZeneca Pharmaceuticals LP, et. al.,* dismissed on November 22, 2011 based on forum non-conveniens by the Superior Court of the State of California, County of San Francisco, Case Number CGC-11-514392; *Williams v. AstraZeneca Pharmaceuticals LP, et. al.,* dismissed on November 22, 2011 based on forum non-conveniens by the Superior Court of the State of California, County of San Francisco, Case Number CGC-11-514390; *Rivera, et. al. v. AstraZeneca Pharmaceuticals LP, et. al.,* filed on March 5, 2012 in the Superior Court of the State of California, Los Angeles County, Case Number BC480187; *Nestande, et. al. v. AstraZeneca Pharmaceuticals LP, et. al.,* filed on March 8, 2012 in the Superior Court of the State of California, Riverside County, Case Number RIC1203351; *Norris, et. al. v. AstraZeneca Pharmaceuticals LP, et. al.,* filed on

1 numerous other cases, all alleged based on information and belief, it becomes obvious that the allegations made against McKesson are included solely to defeat diversity jurisdiction.

16. Further, with respect to eighteen (18) Puerto Rican Plaintiffs named in *Rivera, et. al. v. AstraZeneca Pharmaceuticals LP, et. al.*, Case No. BC480187, Superior Court of California, County of Los Angeles, McKesson only distributed to Veterans Affairs ("VA") hospitals in Puerto Rico. *See* Declaration of Greg Yonko ("Yonko Decl.") attached as **Exhibit 3**, at ¶ 7. There is no allegation that any of these Puerto Rican Plaintiffs obtained Crestor® from a VA facility and it defies credulity to assert that they all did.

17. Plaintiffs provide no basis, factual or otherwise, for their vaguely asserted information and belief. *See e.g., Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 U.S. Dist. LEXIS 18365 (S.D. Ala. 1997) (there is "no better admission of fraudulent joinder of [the resident defendant]" than plaintiff's failure "to set forth any specific factual allegations" against it). Other than one overly broad paragraph in which Plaintiffs allege that McKesson is a large pharmaceutical distributor that provides "decision support" software, Plaintiffs make no other independent allegations against McKesson in their Complaint. Instead of asserting any such facts, Plaintiffs assert only collective allegations against AstraZeneca and McKesson. Plaintiffs cannot cure their failure to provide any factual support for their allegation that McKesson distributed the Crestor® ingested by each of the forty-six plaintiffs in this case by making vague and ambiguous allegations against "Defendants," collectively.

---

March 19, 2012 in the Superior Court of the State of California, Imperial County, Case Number ECU06999; and *Mendez, et. al. v. AstraZeneca Pharmaceuticals LP, et. al.*, filed on March 19, 2012 in the Superior Court of the State of California, Fresno County, Case Number 12CECG00914.

13
NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) AND 28 U.S.C. § 1441(C)

18. McKesson also is fraudulently joined because it cannot be liable as a mere distributor of Crestor®. In their Complaint, Plaintiffs assert claims of: (1) strict liability; (2) negligence; (3) breach of express warranty; (4) breach of implied warranty; (5) fraud; (6) fraudulent concealment; and (7) loss of consortium. In these allegations, Plaintiffs aver that collectively, "Defendants" defectively designed and manufactured Crestor®; failed to provide sufficient post-marketing warnings or instructions to Plaintiffs or to Plaintiffs' physicians; failed to warn Plaintiffs and the general public of the alleged risks associated with taking Crestor®; affirmatively concealed and/or misrepresented the alleged relationship between Crestor® and various diseases; affirmatively misled the public and prescribing physicians regarding the alleged risks of Crestor®; and failed to conduct adequate testing of Crestor®. All of these claims are substantively based on the design and manufacture of Crestor®, failure to warn, fraudulent concealment, and inadequate pre-clinical testing and post-marketing surveillance. As a wholesale distributor of Crestor®, McKesson played no role in its manufacture, testing, marketing or advertising. McKesson merely passed along unopened boxes of Crestor®, in unadulterated form, to hospitals and other businesses in the healthcare industry. *See* Yonko Decl. ¶¶ 4-5. McKesson cannot be found liable on these alleged facts. *See Skinner v. Warner-Lambert Co., et. al.*, 2003 WL25598915 ("no possibility that plaintiffs could prove a cause of action against McKesson, an entity which distributed this FDA-approved medication to pharmacists in California. Pursuant to comment k of the Restatement (Second) of Torts Section 402A and California law following comment k, a distributor of a prescription drug is not subject to strict liability."). Plaintiffs in this case do not allege that McKesson contributed in any way to their injuries. Instead, Plaintiffs allege only that McKesson distributed the Crestor® at issue in this case. Therefore, Plaintiffs' Complaint states no claim upon which relief can be granted against McKesson.

19.     Further, based on the "learned intermediary" doctrine, McKesson bore no duty to warn Plaintiffs. The "learned intermediary" doctrine, the foundation of prescription drug product liability law, provides that the duty to warn about a drug's risks runs from the manufacturer to the physician (the "learned intermediary"), and then from the physician to the patient. *See Brown v. Sup. Ct.*, 44 Cal. 3d 1049, 1061-62, n. 9 (1988); *Carlin v. Sup. Ct.*, 13 Cal. 4th 1104, 1116 (1996). It is the physician, and only the physician, who is obligated to prescribe the appropriate drug and communicate any relevant risks to the patient. *See Brown v. Sup. Ct.*, 44 Cal. 3d. at 1061-62.

20.     AstraZeneca and the Federal Drug Administration ("FDA") prepared the information to be included with the prescription drug, Crestor®, with the FDA having the power of final approval of the information presented. Once the FDA determines the form and content of the information, it is a violation of federal law to augment the information. *See* 21 U.S.C. §331(k) (prohibiting drug manufacturers and distributors from causing the "alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling" of an FDA-approved drug held for sale); *Brown v. Sup. Ct.*, 44 Cal. 3d 1049, 1069 n.12 (finding that the FDA regulates the testing, manufacture, and marketing of drugs, including the content of their labels). Therefore, any safety and warning information McKesson had about Crestor® would have come from AstraZeneca in the form of FDA-approved packaging and labeling. McKesson could not change the labeling it was given by AstraZeneca as approved by the FDA without violating federal law. No duty exists where it requires a party to violate the law to fulfill it.

21.     Given the lack of causal connection between the injuries alleged by Plaintiffs and McKesson's conduct, as well as the absence of any legal or factual basis for Plaintiffs' claims against McKesson, McKesson's joinder is fraudulent and its citizenship should be ignored for purposes of determining the propriety of