JS - 6

**LINKS: 12-02921: 15, 16, 17, 20, 21; 12-00492: 12, 13, 23, 24; 12-00495: 14, 25, 26**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02921 GAF (JEMx)<br>CV 12-00493 GAF (JEMx) √<br>CV 12-00495 GAF (JEMx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ruperto C. Rivera et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Thomas E. Walker et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Merrilee Nestande et al. v. AstraZeneca Pharmaceuticals LP et al. | | |

| Present: The Honorable | GARY ALLEN FEESS | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers)**

## ORDER REMANDING CASE

### I.
### INTRODUCTION

These putative class actions arise out of personal injuries allegedly sustained as a result of using Crestor, a cholesterol-lowing drug manufactured by Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") and distributed by Defendant McKesson Corporation ("McKesson"). (Docket No. 1, Not., Ex. 1 [Compl.].)[1] On April 3 and 4, 2012, Defendants removed each action to federal court on the purported basis of diversity of citizenship, 28 U.S.C. § 1332(a), and federal question jurisdiction, 28 U.S.C. § 1331. (Docket No. 1, Not.) Notwithstanding McKesson's California citizenship, Defendants claimed that the company had

[1] Except with respect to the plaintiffs named, the three actions are identical, as are each of the pending motions addressed in this Order. For the sake of simplicity, the Court will refer throughout this Order to the docket numbers referenced in Ruperto C. Rivera et al. v. AstraZeneca Pharmaceuticals LP et al., CV 12-02921 GAF (JEMx).

JS - 6

**LINKS: 12-02921: 15, 16, 17, 20, 21; 12-00492: 12, 13, 23, 24; 12-00495: 14, 25, 26**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02921 GAF (JEMx)<br>CV 12-00493 GAF (JEMx) √<br>CV 12-00495 GAF (JEMx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ruperto C. Rivera et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Thomas E. Walker et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Merrilee Nestande et al. v. AstraZeneca Pharmaceuticals LP et al. | | |

been fraudulently joined purely for the purpose of destroying diversity jurisdiction. (Not. ¶¶ 14–21.) Plaintiffs have now filed motions to stay and to remand the actions to state court. (Docket Nos. 20, 21.) Defendants have filed motions to dismiss various causes of action contained in each complaint, and motions to sever the multi-plaintiff complaints into separate cases. (Docket Nos. 15, 16, 17.) Because the Court concludes that Defendants have failed to meet their burden of demonstrating fraudulent joinder, and that the state law claims contained in the complaints do not raise substantial federal questions, the motions to remand are **GRANTED**, and the actions are **REMANDED** to Los Angeles County and Riverside County Superior Courts. Accordingly, the motions to dismiss, to stay, and to sever are **DENIED as moot**.

## II.
## BACKGROUND

The United States Food and Drug Administration ("FDA") first approved Crestor® ("Crestor") as a cholesterol-lowering drug in 2003. (Id. ¶ 35.) According to the complaint, "recent news has come to light that casts a shadow on the safety of using Crestor." (Id.) In particular, Plaintiffs allege that the early results of studies looking into the risks of using Crestor are "not encouraging," as the drug has been linked to serious side effects, such as heart muscle disease and deterioration, heart attacks, sudden cardiac death, muscle deterioration, kidney and liver damage, and diabetes. (Id.)

Plaintiffs allege that Defendants "manufactured, tested, sold, offered for sale, supplied or placed [Crestor] in the stream of commerce, or in the course of business materially participated with others in so doing", despite knowing the drug "to be defective, unreasonably dangerous and hazardous, and . . . substantially certain to cause injury to persons within the State of California . . . ." (Id. ¶ 36.) Moreover, Plaintiffs allege that "through . . . funding and control of certain studies concerning the effects of Crestor", and "their control over trade publications", among other things, Defendants "cooperated with and/or assisted in the wrongful suppression, active concealment, and/or misrepresentation of the true relationship between Crestor and various diseases . . . ." (Id. ¶¶ 38–40.) According to the complaint, Defendants also made a series of "statements, representations and promotional schemes . . . [that] were deceptive, false, incomplete, [and/or] misleading", notwithstanding the fact that they knew, or should have known

JS - 6

**LINKS: 12-02921: 15, 16, 17, 20, 21; 12-00492: 12, 13, 23, 24; 12-00495: 14, 25, 26**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02921 GAF (JEMx)<br>CV 12-00493 GAF (JEMx) √<br>CV 12-00495 GAF (JEMx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ruperto C. Rivera et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Thomas E. Walker et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Merrilee Nestande et al. v. AstraZeneca Pharmaceuticals LP et al. | | |

that such statements were false or misleading. (Id. ¶ 41.) Plaintiffs allege that they reasonably relied on these representations, that they were directly and proximately injured as a result, and that had they been adequately warned of the drug's potential side effects, they would have requested other medications and/or avoided Crestor. (Id. ¶¶ 42–43.)

Plaintiffs further allege that Defendants "negligently, recklessly and wantonly failed to warn [them] and the general public of the risks associated with taking Crestor . . . [notwithstanding] studies, including their own, show[ing] that there were problems concerning" various health risks. (Id. ¶ 45.) Accordingly, Plaintiffs allege that, "as designed, manufactured, distributed, sold and/or supplied by Defendants," Crestor was defective because it had been inadequately tested and because the drug contained inadequate warnings, instructions, and/or labeling. (Id. ¶¶ 48–49.)

On the basis of these facts, Plaintiffs bring claims for [1] strict liability; [2] negligence; [3] breach of express warranty; [4] breach of implied warranty; [5] fraud; [6] fraudulent concealment; and [7] loss of consortium. (Id. ¶¶ 59–95.)

## III.
## DISCUSSION

### A. MOTION TO REMAND

In removing the actions to federal court, Defendants contend that jurisdiction is proper under both 28 U.S.C. §§ 1332(a) and 1331. (Not. ¶¶ 9–26, 27–37.) The Court conducts these jurisdictional inquiries in turn.

#### 1. LEGAL STANDARDS GOVERNING REMOVAL AND REMAND

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir.

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 3 of 10

JS - 6

**LINKS: 12-02921: 15, 16, 17, 20, 21; 12-00492: 12, 13, 23, 24; 12-00495: 14, 25, 26**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02921 GAF (JEMx)<br>CV 12-00493 GAF (JEMx) √<br>CV 12-00495 GAF (JEMx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ruperto C. Rivera et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Thomas E. Walker et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Merrilee Nestande et al. v. AstraZeneca Pharmaceuticals LP et al. | | |

2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action between citizens of different states, and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1441(a); see also 28 U.S.C. § 1332(a). "It is well established that for a case to come within this statute there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2nd Cir. 1990) (citation omitted). A person's state of citizenship is "determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

"Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29. Nevertheless, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

"Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure." Flatwire Solutions, LLC v. Sexton, 2009 WL 5215757, at *1 (C.D. Cal. Dec. 29, 2009) (citing 28 U.S.C. § 1447(c)). Moreover, "[c]ourts strictly construe the removal

JS - 6

**LINKS: 12-02921: 15, 16, 17, 20, 21; 12-00492: 12, 13, 23, 24; 12-00495: 14, 25, 26**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02921 GAF (JEMx)<br>CV 12-00493 GAF (JEMx) √<br>CV 12-00495 GAF (JEMx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ruperto C. Rivera et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Thomas E. Walker et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Merrilee Nestande et al. v. AstraZeneca Pharmaceuticals LP et al. | | |

statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal." Id. (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "The party seeking removal bears the burden of establishing federal jurisdiction." Id. (citing Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Id. (citation omitted).

**2. FRAUDULENT JOINDER OF MCKESSON CORPORATION**

"[T]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder [of a non-diverse defendant] to be fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Fraudulent joinder is a "term of art." Id. When the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id.

The parties do not dispute that McKesson is a corporation organized and existing under the laws of the State of Delaware, nor that the company maintains its principal place of business in San Francisco, California. (Compl. ¶ 24; Not. ¶ 13.) Nor do they dispute that Plaintiff Rivera is a citizen of the State of California. (Compl. ¶ 1; Not. ¶ 10(a).) Accordingly, for purposes of diversity jurisdiction, McKesson is a citizen of both Delaware and California, and its joinder, if proper, clearly precludes a finding of complete diversity under 28 U.S.C. § 1332(a).

Jurisdiction over these actions thus turns on whether McKesson's citizenship is properly considered in conducting that inquiry. In their complaints, Plaintiffs allege, "upon information and belief," that McKesson distributed the Crestor they later ingested. (Compl. ¶ 34.) Defendants, however, contend that "the allegations made against McKesson are included solely to defeat diversity jurisdiction." (Not. ¶ 15.) First, Defendants contend that McKesson is fraudulently joined because the mere distribution of Crestor cannot give rise to liability under California law. (Id. ¶ 18.) Moreover, Defendants contend that Plaintiffs have no evidentiary basis for making that allegation. In particular, Defendants contend that "Plaintiffs' allegations are particularly implausible considering the number of pharmaceutical distributors of Crestor during the period at issue", and the fact that McKesson is named in a number of other actions

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 5 of 10

JS - 6

**LINKS: 12-02921: 15, 16, 17, 20, 21; 12-00492: 12, 13, 23, 24; 12-00495: 14, 25, 26**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02921 GAF (JEMx)<br>CV 12-00493 GAF (JEMx) √<br>CV 12-00495 GAF (JEMx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ruperto C. Rivera et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Thomas E. Walker et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Merrilee Nestande et al. v. AstraZeneca Pharmaceuticals LP et al. | | |

filed by Plaintiffs' counsel on behalf of eighty-two (82) plaintiffs spanning five California counties. (Id. ¶ 15.)

This precise issue has received extensive treatment by other district courts in this jurisdiction, with the overwhelming weight of authority supporting McKesson's joinder. As numerous other courts have found, the scope of liability for distributors of pharmaceutical products has not been clearly established under California law. See Mendez v. AstraZeneca Pharmaceuticals LP, 2012 WL 1911382, at *2 (E.D. Cal. May 25, 2012) ("California Courts have yet to address the liability of distributors and other potential defendants in the commercial chain in prescription drug cases. However, given that a plaintiff's failure to state a cause of action in the context of a motion to remand must be 'obvious according to the settled rules of the state,' this Court cannot say that a cause of action for strict liability against a prescription drug distributor or others in the chain of distribution is not viable under California law.") (internal citations omitted); Norris v. AstraZeneca Pharmaceuticals LP, 2012 WL 1944760, at *2–3 (S.D. Cal. May 30, 2012) ("[T]he court concludes that the complaint adequately establishes that a distributor of pharmaceuticals may be liable under California law."); Andrews v. Bayer Corp., 2010 WL 234808, at *3 (C.D. Cal. Jan. 12, 2010) ("Because no California court has ever held that distributors of pharmaceuticals are exempt from the general rule of strict liability for failure to warn, the Bayer Defendants have failed to carry their burden of establishing that 'the plaintiff fails to state a cause of action against [McKesson], and the failure is obvious according to settled rules of the state.'"); Black v. Merck & Co., Inc., 2004 WL 5392660, at *3 (C.D. Cal. Mar. 3, 2004) ("Because state law is unsettled as to whether a distributor of prescription drugs could be strictly liable for failure to warn, the court cannot rule that there is 'absolutely no possibility' Plaintiffs could prevail on this claim against McKesson. Thus, Merck has not met its 'heavy burden' of demonstrating that a non-diverse defendant was fraudulently joined.") (internal citations omitted); Maher v. Novartis Pharmaceuticals Corp., 2007 WL 2330713, at *4 (S.D. Cal. Aug. 13, 2007) ("This Court has been unable to find, nor has either party cited, a case under California law which creates an exception in strict liability for distributors in prescription drug cases. This Court cannot conclude that it is obvious that the general rule of distributor liability does not apply under the allegations in this case. The Court further concludes that the learned intermediary doctrine does not prevent Plaintiff from stating a claim against McKesson because Plaintiff has alleged that McKesson failed to properly warn physicians, including Plaintiff's

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 6 of 10

JS - 6

**LINKS: 12-02921: 15, 16, 17, 20, 21; 12-00492: 12, 13, 23, 24; 12-00495: 14, 25, 26**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02921 GAF (JEMx)<br>CV 12-00493 GAF (JEMx) √<br>CV 12-00495 GAF (JEMx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ruperto C. Rivera et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Thomas E. Walker et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Merrilee Nestande et al. v. AstraZeneca Pharmaceuticals LP et al. | | |

physician.") (internal citation omitted); Moorhouse v. Bayer Healthcare Pharmaceuticals, Inc., 2008 WL 2477389, at *6 (N.D. Cal. Jun. 18, 2008) ("The Court finds that it is not obvious according to the settled rules of California that distributors of prescription drugs cannot be held liable for a failure to warn.") (citation omitted); Aaron v. Merck & Co., Inc., 2005 WL 5792361, at *2 (C.D. Cal. Jul. 26, 2005) ("Defendant Merck does not, and cannot cite any California cases holding that a distributor cannot be held liable for failure to warn, as the California state courts have not yet addressed that issue. Defendant Merck has simply failed to satisfy its heavy burden of demonstrating that there is no possibility that Plaintiffs will be able to prevail on the merits of their claims in state court, and therefore has failed to demonstrate that Defendant McKesson was fraudulently joined.")

Accordingly, the Court cannot conclude that claims were brought against McKesson solely for the purposes of destroying diversity jurisdiction. Even if such claims were later found to fail as a matter of law, that failure would not, in light of the above authorities, be so "obvious" as to support a finding that the Defendant against which they are brought was fraudulently joined.

The only remaining issue, therefore, is whether at this stage of the proceedings the factual allegations concerning McKesson are so bare as to require a finding of fraudulent joinder. This Court follows the numerous other district courts in this jurisdiction which have found similar, if not identical allegations sufficient to state a viable claim against the distributor of the drug in question. See Mendez, 2012 WL 1911382, at *2–3 (finding that, for purposes of fraudulent joinder analysis, plaintiffs were entitled to allege that McKesson had distributed the Crestor they ingested "upon information and belief," because whether McKesson did so was "not a fact plaintiffs would have reason to know directly"); Norris, 2012 WL 1944760, at *2–3 ("As Plaintiffs may not have purchased Crestor from McKesson, AstraZeneca concludes that McKesson is not a proper defendant. Based upon the complaint's allegations, the Notice of Removal, the evidence submitted by the parties and construing the complaint in the light most favorable to the plaintiff, accepting as true all material undisputed allegations in the complaint, as well as reasonable inferences to be drawn from them, the court cannot conclude that it is 'obvious' that McKesson did not distribute the Crestor ingested by Plaintiffs. Moreover, given the doubts concerning McKesson's role in distributing Crestor to Plaintiffs, any doubts

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 7 of 10

JS - 6

**LINKS: 12-02921: 15, 16, 17, 20, 21; 12-00492: 12, 13, 23, 24; 12-00495: 14, 25, 26**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02921 GAF (JEMx)<br>CV 12-00493 GAF (JEMx) √<br>CV 12-00495 GAF (JEMx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ruperto C. Rivera et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Thomas E. Walker et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Merrilee Nestande et al. v. AstraZeneca Pharmaceuticals LP et al. | | |

concerning diversity jurisdiction are construed against the exercise of jurisdiction and in favor of remand.") (internal citations omitted); Moorhouse, 2008 WL 2477389, at *6 (finding allegation that McKesson distributed the relevant drug, and that McKesson distributed the drugs giving rise to the plaintiffs' injuries sufficient to state a viable claim); Aaron, 2005 WL 5792361, at *2 (finding allegation that McKesson is a "wholesale distributor of all Merck Products, including Vioxx," and "marketed, sold and distributed Vioxx which was ingested by the Plaintiffs and Plaintiffs' decedents" sufficient to state a viable claim); Black, 2004 WL 5392660, at *2–3 (finding allegations that McKesson "was in the business of promoting and distributing the pharmaceutical Vioxx" and that plaintiffs had "been prescribed and supplied with, received, and [had] taken and ingested and consumed the prescription drug Vioxx, as . . . distributed, marketed, labeled, promoted, packaged . . . or otherwise placed in the stream of interstate commerce by Defendants Merck & Company, Inc. [and] McKesson," sufficient to state a viable claim).

The circumstances of this case do not compel a different conclusion. Plaintiffs allege, "upon information and belief," that McKesson distributed the Crestor they later ingested. (Compl. ¶ 34.) Notwithstanding Defendants' evidence concerning the number of Crestor distributors, that allegation is clearly sufficient to survive a fraudulent joinder analysis.[2]

The Court will therefore consider McKesson's citizenship for purposes of determining jurisdiction. Because both Plaintiff Rivera and Defendant McKesson are citizens of California, complete diversity of citizenship is lacking, and the Court cannot entertain subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

[2] Bockrath v. Aldrich Chemical Co., Inc., cited by Defendants, is inapposite, as that case, along with the heightened pleading standards it articulated, were aimed at lawsuits involving "complicated and possibly esoteric medical causation issues," in which "prospecting plaintiffs . . . sue multiple defendants on speculation that their products may have caused harm over time through exposure to toxins in them, and who thereafter try to learn through discovery whether their speculation was well-founded." 980 P.2d 398, 404–405 (Cal. 1999). In this case, as in the numerous cases cited above, Plaintiffs are merely alleging that McKesson distributed the only product alleged to have caused their injury.

JS - 6

**LINKS: 12-02921: 15, 16, 17, 20, 21; 12-00492: 12, 13, 23, 24; 12-00495: 14, 25, 26**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02921 GAF (JEMx)<br>CV 12-00493 GAF (JEMx) √<br>CV 12-00495 GAF (JEMx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ruperto C. Rivera et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Thomas E. Walker et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Merrilee Nestande et al. v. AstraZeneca Pharmaceuticals LP et al. | | |

**3. FEDERAL QUESTION JURISDICTION**

Defendants also contend that this Court may maintain federal question jurisdiction over these actions pursuant to 28 U.S.C. § 1331. (Not. ¶ 28.) In particular, Defendants contend that Plaintiffs' strict liability and negligence claims require construction and application of the Federal Food, Drug and Cosmetic Act ("FDCA") and its implementing regulations, because the FDA has plenary and exclusive authority over the regulation of prescription drugs. (Id. ¶¶ 28–32.)

A district court in the Southern District of California recently rejected precisely the same contention. See Norris, 2012 WL 1944760, at *3 (finding that nearly identical claims contained in nearly identical complaint "do not implicate the existence of a substantial federal question" and "are not preempted by federal law even if approved for sale by the FDA and potentially implicate the FDA's drug labeling regulations.") As the Norris court found, none of Plaintiffs' state law claims raise a "substantial federal question" under governing Ninth Circuit law, which requires that they be an "inherently federal claim" articulated in state law terms, or that the "the right to relief depend[] on the resolution of a substantial, disputed federal question." Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1044 (9th Cir. 2003). Defendants have offered no explanation as to how, in light of the Supreme Court's recent holding that state law failure to warn cases may proceed in the face of FDA regulation, either of these standards are met here. See Wyeth v. Levine, 555 U.S. 555, 581 (2009) ("In short, Wyeth has not persuaded us that failure-to-warn claims like Levine's obstruct the federal regulation of drug labeling. Congress has repeatedly declined to pre-empt state law, and the FDA's recently adopted position that state tort suits interfere with its statutory mandate is entitled to no weight.") Indeed, Defendants do not even argue the point in opposition.

**4. CONCLUSION RE: SUBJECT MATTER JURISDICTION**

For the foregoing reasons, the Court finds that neither 28 U.S.C. §§ 1331 nor 1332(a) provide a basis for federal jurisdiction over these actions. Accordingly, the actions are **REMANDED** to Los Angeles County and Riverside Superior Courts.

JS - 6

**LINKS: 12-02921: 15, 16, 17, 20, 21; 12-00492: 12, 13, 23, 24; 12-00495: 14, 25, 26**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02921 GAF (JEMx)<br>CV 12-00493 GAF (JEMx) √<br>CV 12-00495 GAF (JEMx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ruperto C. Rivera et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Thomas E. Walker et al. v. AstraZeneca Pharmaceuticals LP et al.<br>Merrilee Nestande et al. v. AstraZeneca Pharmaceuticals LP et al. | | |

**IV. CONCLUSION**

The Court **REMANDS** each of the above actions to state court. Ruperto C Rivera et al v. AstraZeneca Pharmaceuticals LP et al, CV 12-02921-GAF-JEM is **REMANDED** to Los Angeles County Superior Court. Thomas E. Walker et al. v. AstraZeneca Pharmaceuticals LP et al., CV 12-00493-GAF-JEM, and Merrilee Nestande et al. v. AstraZeneca Pharmaceuticals LP et al., CV 12-00495-GAF-JEM are **REMANDED** to Riverside County Superior Court. Defendants' motions to dismiss and to sever, and Plaintiffs' motions to stay are **DENIED as moot**. The hearings presently scheduled on these motions for June 11, 2012, at 9:30 a.m. are hereby **VACATED**.

**IT IS SO ORDERED.**